

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIMAN RAHBARIAN and VERA DAVYDENKO,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY OF CALIFORNIA; and DOES 1 to 25, inclusive,<br><br>Defendants. | No. 2:24-cv-02270-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Paiman Rahbarian and Vera Davydenko's (collectively, "Plaintiffs") Motion to Remand. (ECF No. 4.) Defendants Allstate Insurance Company ("Allstate Insurance") and Allstate Insurance Company of California ("AICCA") (collectively, "Defendants") filed an opposition. (ECF No. 10.) Plaintiffs filed a reply. (ECF No. 14.)

Also before the Court is AICCA's Motion to Dismiss. (ECF No. 8.) Plaintiffs filed an opposition. (ECF No. 11.) AICCA filed a reply. (ECF No. 17.)

For the reasons set forth below, Plaintiffs' Motion to Remand is DENIED and AICCA's Motion to Dismiss is GRANTED.

///

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege they entered into a written contract for renter's insurance with Defendants ("the Insurance Policy"). (ECF No. 1-1 ¶ 7.) Plaintiffs contend the Insurance Policy included coverage for loss of property by theft. (*Id.*) On June 23, 2023, property was stolen from Plaintiffs' moving truck. (*Id.* ¶ 8.) Plaintiffs allege they informed Defendants of the theft that same day. (*Id.*) Defendants opened a claim regarding the theft but ultimately denied it, and allegedly failed to pay Plaintiffs the reasonable value of Plaintiffs' property. (*Id.* ¶ 9–11.)

On June 21, 2024, Plaintiffs filed a Complaint in state court alleging: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) breach of the duty of loyalty; (5) negligence; and (6) unfair competition under California Business and Professions Code § 17200 et seq. (ECF No. 1-1.) On August 21, 2024, Allstate Insurance removed the action to this Court based on diversity jurisdiction. (ECF No. 1.) On September 19, 2024, Plaintiffs filed the instant motion to remand. (ECF No. 4.) On September 27, 2024, AICCA filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8-1.) The motion to remand and motion to dismiss contain overlapping arguments. The Court will address arguments from the motion to remand and will not specifically refer to arguments from the motion to dismiss.

## II.  STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Diversity is determined as of the time the complaint is filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

1       Removal based on diversity requires that the citizenship of each plaintiff be diverse from
2  the citizenship of each defendant (i.e., complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61,
3  68 (1996). For purposes of diversity, a limited liability company ("LLC") is a citizen of every
4  state in which its "owners/members" are citizens. *Johnson v. Columbia Prop. Anchorage, LP*,
5  437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships,
6  which have the citizenships of all of their members). A corporation is a citizen of any state in
7  which it is incorporated and any state in which it maintains its principal place of business. 28
8  U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which
9  they are domiciled. *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014).

10      The amount in controversy is determined by reference to the complaint itself and includes
11  the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.
12  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not
13  pray for damages in a specific amount, the defendant must prove by a preponderance of the
14  evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins.*
15  *Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d
16  398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court
17  may "require parties to submit summary-judgment-type evidence relevant to the amount in
18  controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326,
19  1335–36 (5th Cir. 1995)).

20  **III.   ANALYSIS**

21      Plaintiffs argue this action should be remanded to state court because complete diversity
22  between the parties does not exist.[1] (ECF No. 5 at 4–5.) Specifically, Plaintiffs contend they are
23  citizens of California as is AICCA, thus defeating diversity of citizenship for the purposes of

---

[1] Plaintiffs also argue this action should be remanded because it was never properly removed. As a general rule, all defendants in the state court action must join in the petition for removal. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir.2002). However, because the Court finds AICCA was fraudulently joined, AICCA need not have joined in the petition for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (noting that nominal, unknown, fraudulently joined, or improperly served defendants need not join in a petition for removal).

3

1  federal court jurisdiction. (*Id.*)  In opposition, Defendants argue diversity of citizenship exists
2  because Plaintiffs are residents of California, Allstate Insurance is a citizen of Illinois, and
3  AICCA was fraudulently joined as Plaintiffs' claims against it fail as a matter of law. (*See*
4  *generally* ECF No. 10.)

5      At the outset, the Court notes the parties do not dispute Allstate Insurance is a citizen of
6  Illinois or that the amount in controversy exceeds $75,000.  As such, the Court only addresses
7  whether AICCA was fraudulently joined.

8      "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of
9  jurisdictional facts[;] or (2) inability of the plaintiff to establish a cause of action against the non-
10 diverse party in state court.'"  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543,
11 548 (9th Cir. 2018) (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).
12 "Fraudulent joinder is established the second way if a defendant shows that an 'individual[]
13 joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co*.,
14 139 F.3d 1313, 1318 (9th Cir. 1998)).  "But 'if there is a possibility that a state court would find
15 that the complaint states a cause of action against any of the resident defendants, the federal court
16 must find that the joinder was proper and remand the case to the state court.'"  *Id.* (emphasis
17 omitted) (quoting *Hunter*, 582 F.3d at 1046).  "A defendant invoking federal court diversity
18 jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general
19 presumption against [finding] fraudulent joinder.'"  *Id.* (quoting *Hunter*, 582 F.3d at 1046).  To
20 determine whether a non-diverse defendant is a sham defendant, "all disputed questions of fact
21 and all ambiguities in the controlling state law are resolved in the plaintiff's favor[.]"  *Nasrawi v.*
22 *Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010).  Upon this assumption,
23 "[i]f there is a non-fanciful possibility that plaintiff can state a claim under California law against
24 the non-diverse defendants the court must remand."  *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220
25 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

26     Defendants argue Plaintiffs have no possibility of alleging any claim against AICCA.
27 (ECF No. 10 at 16–17.)  In support, Defendants argue as follows: AICCA is not a party to or
28 referenced in the Insurance Policy between Plaintiffs and Allstate Insurance; AICCA is an entity

4

1  that only exists on paper as it does not conduct any business, and it has no employees or assets;
2  and AICCA is not licensed to issue insurance policies in California and did not issue the
3  Insurance Policy to Plaintiffs.  (*Id.* at 8–10.)

4      In reply, Plaintiffs argue AICCA's inclusion as a defendant in the instant matter is not
5  fraudulent.  (ECF No. 14 at 11.)  Specifically, Plaintiffs contend the following: AICCA was
6  incorporated in the State of California in 2009 and stated in its Articles of Incorporation that
7  "[t]he business of the corporation is to be an insurer"; AICCA is a corporation in good standing
8  and able to transact business in California; the Insurance Policy uses the word "Allstate" without
9  specific reference to Allstate Insurance; and AICCA has two directors and three officers with
10  addresses in Sacramento County.  (*Id.* at 11–12.)  Plaintiffs further argue it is not necessary for
11  AICCA to have been a party to the insurance contract for it to be liable for negligence because
12  agents and others working on behalf of AICCA could have negligently investigated and
13  mishandled Plaintiffs' insurance claims.  (*Id.* at 13.)

14      The Court finds Defendants have established Plaintiffs cannot assert their breach of
15  contract and bad faith claims against AICCA as AICCA was not a party to the Insurance Policy.
16  *See Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973) (entities that are not parties to the
17  insurance contract cannot be sued for breach of contract or bad faith); *Hatchwell v. Blue Shield of*
18  *Cal.*, 198 Cal. App. 3d 1027, 1033 (1988) ("[O]ne who is not a party to the underlying contract
19  may not be held liable for breach of an implied covenant of good faith and fair dealing for as to
20  him no such implied covenant exists.").  The only contract alleged is the Insurance Policy, which
21  is incorporated by reference into the Complaint.  (ECF No. 10-6; ECF 1-1 ¶ 7.)  The Insurance
22  Policy states that it is between Plaintiffs and Allstate Insurance.  (ECF No. 10-6 at 11.)  AICCA is
23  neither listed as a party to the contract nor as an affiliate of Allstate Insurance.  (*Id.* at 10.)

24      Moreover, even though the Complaint does not allege an alter ego theory, Defendants also
25  submitted the declaration of an employee of Allstate Insurance, Glen Davis ("Davis"), Senior
26  Product Consultant for the West Zone.  (ECF No. 10-1 at 2.)  In his declaration, Davis affirms
27  AICCA is an inactive corporation that does not have any assets or revenue and has never issued
28  insurance policies.  (*Id.*)  Davis further affirms AICCA has never conducted business and does

1  not have any employees. (*Id.*) Additionally, while AICCA has two members of its Board of

2  Directors, neither is an employee of AICCA. (*Id.*) Finally, Davis affirms that AICCA does not

3  commingle funds or assets with Allstate Insurance. (*Id.*) Plaintiffs do not dispute these facts.

4  Accordingly, the Court finds Defendants have established Plaintiffs cannot assert their breach of

5  contract and bad faith claims against AICCA even on an alter ego theory.

6        The Court also finds Defendants have established Plaintiffs cannot assert their negligence

7  claim against AICCA.[2] AICCA has never conducted business and does not have any employees.

8  (*Id.*) Therefore, Plaintiffs' conclusory argument that AICCA could be liable to them for

9  negligence because agents and others working on behalf of AICCA could have negligently

10 investigated and mishandled Plaintiffs' claim is underdeveloped and unpersuasive.

11       For these reasons, the Court finds that Defendants have satisfied their burden to show

12 AICCA was fraudulently joined. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921)

13 (joinder was fraudulent where the defendant had "no real connection [to] the controversy"

14 because the allegations against the defendant were "without any reasonable basis in fact").

15       Accordingly, Plaintiffs' Motion to Remand is DENIED and Defendants' Motion to

16 Dismiss AICCA is GRANTED without leave to amend.

17     **IV.**    **CONCLUSION**

18       Based on the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand (ECF

19 No. 4) and GRANTS Allstate Insurance Company of California's Motion to Dismiss without

20 leave to amend (ECF No. 8). Allstate Insurance Company of California is DISMISSED, and this

21 case will proceed against Defendant Allstate Insurance Company.

22     IT IS SO ORDERED.

23 Date: May 30, 2025

24                                       _____

                                            Troy L. Nunley

                                            Chief United States District Judge

---

[2] Allstate Insurance argues Plaintiffs' claims for breach of fiduciary duty, breach of loyalty, and violations of the Business and Professions Code § 17200 fail and provides authority purporting to support its position. (ECF No. 10 at 18–20.) Plaintiffs neither address or substantively discuss Allstate Insurance's arguments or authority. As such, the Court declines to address those claims.